**PRINE, Plaintiff-Appellee, v. WARD, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3719.   Decided October 15, 1946.

Walter R. Snider, Columbus, for Plaintiff-Appellee.
Frank H. Ward, Columbus, in propria persona, for defendant-Appellant.

448

SHERICK, PJ., PUTNAM and MONTGOMERY, JJ., of the Fifth District sitting by designation.

## OPINION

By THE COURT:

We have read every line in the record presented. We have considered the assigned errors. A brief memo concerning them will suffice.

The petition might have been more definite and certain, but no motion was made to require that this be done. As drafted, it states a cause of action. It alleges a written agreement, signed by the defendant, to sell through the plaintiff, a real estate broker, certain described real estate, at a definite price, and with a promise to pay the amount claimed for procuring such sale. It further alleges a written purchase acceptance from another named individual.

The Court did not err in directing on his own motion a witness not to answer a question propounded on cross-examination. The record shows that the trial court was zealous in protecting the defendant, and in requiring the plaintiff to prove the necessary elements in his case, notably that the prospective purchaser was able, ready and willing to carry out the purchase. And, incidentally, these elements were proven actually beyond a reasonable doubt.

There was no prejudicial error in the admission or exclusion of evidence.

The judgment was not against the weight of the evidence. The failure to consummate the deal was on the part of the appellant, his alleged reason being the refusal of his wife to sign a deed unless she was paid a sum in addition to the contract price. Yet, he, by his contract, had obligated himself to procure a "release of dower."

The judgment is affirmed.

SHERICK, PJ, PUTNAM and MONTGOMERY, JJ, concur.